**Opinion issued June 25, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-21-00672-CV**
_____

**IN RE GREAT VALUE STORAGE, LLC AND WORLD CLASS CAPITAL GROUP, LLC, Relators**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

On November 30, 2021, relators Great Value Storage, LLC and World Class Capital Group, LLC filed a petition for writ of prohibition and for writ of injunction. In the trial court, real party in interest Princeton Capital Corporation had sought appointment of a receiver to enforce collection of the judgment. The trial court signed an order on September 8, 2021, appointing receiver Seth Kretzer. In this original proceeding, relators complained about the order appointing Kretzer

and sought to prohibit Kretzer and the trial court, "who acts through Kretzer," from acting under the order appointing the receiver.

On December 6, 2021, relators filed a motion for emergency relief and on the same date, this Court granted the motion, staying the trial court's September 8, 2021 order appointing Kretzer as receiver, and ordering Kretzer to discontinue acting pursuant to the September 8, 2021 order pending disposition of the proceeding. On December 23, 2021, Kretzer filed a motion asking this Court to lift the stay entered on December 6, contending that relators were using the abatement period to transfer assets that could satisfy the judgment. On December 23, 2021, the Court issued an order abating the related appeal in case number 01-21-00284-CV and this original proceeding and remanded to the trial court for further proceedings concerning the adequacy of the security posted by appellants/relators.[1] The Court also granted Kretzer's motion and withdrew the order staying the appointment order entered on December 6, 2021.

On October 24, 2023, the Court requested an update concerning the status of the remanded proceedings in the trial court. On October 26, 2023, Kretzer filed a letter urging the Court to conclude the original proceeding was moot and to dismiss it because relators and Princeton Capital had settled all claims, relators had paid

---

[1] The underlying case is *Princeton Capital Corporation v. Great Value Storage LLC, World Class Capital Group LLC, and Natin Paul*, cause number 2019-18855, pending in the 165th District Court of Harris County, Texas, the Honorable Ursula Hall, presiding.

the full amount of the judgment, and Princeton Capital had distributed the proceeds to shareholders.

"A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . . ." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). Because the parties have resolved the issues between them, there is no longer a live controversy for resolution by mandamus. *See Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021) (stating that, if parties no longer have legally cognizable interest in case's outcome such that case is moot, court can no longer grant requested relief or any decision would constitute impermissible advisory opinion).

On December 12, 2023, the Court issued an order advising that the original proceeding might be dismissed as moot unless any party filed a response establishing that the proceeding was not moot. No responses were filed.

Accordingly, the Court lifts the abatement and reinstates the case on the active docket. The petition for writ of prohibition and a writ of injunction is dismissed as moot. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.